**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **REBECCA M.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 3:25-cv-00246** |
| **v.** | : | |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

Plaintiff, Rebecca M., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits ("DIB"). This matter is before the Court on Plaintiff's Statement of Errors. (ECF No. 8.) For the reasons that follow, the Court **SUSTAINS** Plaintiff's Statement of Errors (ECF No. 8), **REVERSES** the Commissioner of Social Security's nondisability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I. BACKGROUND

Plaintiff applied for DIB on April 17, 2022, alleging disability as of April 16, 2022, due to rheumatoid arthritis, bi-polar disorder, migraines, and opiate abuse. (ECF No. 7, at PAGEID ##: 220–26, 291.) Plaintiff's applications were denied initially on November 21, 2022, and upon reconsideration on May 15, 2023. (*Id.* at PAGEID #: 96, 107.) Thereafter, Plaintiff appeared with

counsel before an administrative law judge (the "ALJ") on April 30, 2024. (*Id.* at PAGEID ##: 59–95.) On July 22, 2024, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PAGEID ##: 38–58.)

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2025, and applied the five-step sequential process to evaluate her DIB application.[1] (ECF No. 7, PAGEID ##: 42–43.)

- Step One: The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 16, 2022, the alleged onset date. (*Id.* at PAGEID # 43.)
- Step Two: The ALJ determined that Plaintiff had the following severe impairments: rheumatoid arthritis, migraine headaches, degenerative joint disease ("DJD")—bilateral shoulders, hidradenitis suppurativa, Raynaud's phenomenon, hypertension, obesity, bipolar disorder, anxiety disorder, depressive disorder, post-traumatic stress disorder ("PTSD"), and opioid use disorder (20 CFR 404.1520(c)). (*Id.*)
- Step Three: The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PAGEID #: 44.)

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: [Plaintiff] can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can frequently balance. She can occasionally stoop, kneel, crouch, and crawl. She can frequently reach overhead with both upper extremities. [Plaintiff] cannot be exposed to hazards such as unprotected heights or moving mechanical parts. [Plaintiff] cannot drive as part of her job duties. [Plaintiff] is limited to simple, routine, and repetitive tasks. She is unable to perform at a production rate pace (e.g., assembly line work) but can perform goal-oriented work (e.g., office cleaner). She can have occasional and superficial interaction with co-workers and supervisors. Superficial interaction is defined as having the ability to receive simple instructions, ask simple questions, and receive performance appraisals, but lacking the ability to engage in more complex social interactions – such as persuading other people or rendering advice. She cannot engage in teamwork activities, tandem tasks, conflict resolution, or persuasion of others. She should not have over-the-shoulder supervision. She cannot have any contact with the public. She can handle occasional changes in an otherwise static work routine explained in advance to allow time for adjustment to new expectations.

(ECF No. 7, at PAGEID # 46.)

- Step Four: The ALJ determined that Plaintiff was unable to perform her past relevant work as a waiter, claims clerk 2 or a cleaner based on the Vocational Expert ("VE") testimony. (*Id.* at PAGEID #: 50.)

- Step Five: The ALJ concluded that—when considering her age, education, work experience, and RFC, and in reliance on the VE's testimony—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as a hotel housekeeper, merchandise marker, or routing clerk. (*Id.* at PAGEID ##: 51–52.)

The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since April 16, 2022. (*Id.* at PAGEID #: 52.) The Appeals Council denied Plaintiff's request for review on May 22, 2025. (*Id.* at PAGEID ##: 25–30.) This appeal followed.

## II. RELEVANT RECORD EVIDENCE

The Court has reviewed the portions of the administrative record relevant to the claimed errors raised by Plaintiff. Rather than summarizing that information here, the Court will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the

ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

Plaintiff asserts two assignments of error:

(1) The ALJ erred in her findings regarding the opinion evidence in the record; and

(2) The ALJ's decision is not supported by substantial evidence and the Commissioner's position is not substantially justified.

(ECF No. 8, at PAGEID #: 1305.)

Upon review, the Court finds Plaintiff's first assignment of error to be well-taken.

Within Plaintiff's first assignment of error, she challenges the ALJ's evaluation of nearly all medical opinions with respect to the consistency and supportability factors. (*See id.* at PAGEID ##: 1306–17.)

A plaintiff's RFC "is defined as the most [he] can still do despite the physical and mental limitations resulting from [his] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1545(a)(1). An ALJ's RFC determination must be "based on all of the relevant medical and other evidence" in a claimant's case record. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations describe five categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–

(5); 416.913(a)(1)–(5). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering those categories of evidence: (1) Supportability; (2) Consistency; (3) Relationship with the Claimant; (4) Specialization; and (5) Other Factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. *Id.* And even though an ALJ may discuss how they evaluated the other factors, they are not generally required to do so. *Id.* When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(2).

Finally, "[a]lthough the ALJ is not required to use the 'magic words' of 'supportability' and 'consistency' when describing their reasoning, the ALJ must still provide sufficient reasoning, scaffolded with references in the medical record to support their decision, enough for a subsequent

reviewer to trace the lines of their reasoning." *Mertle v. Comm'r of Soc. Sec.*, No. 3:24-CV-00832-JJH, 2024 WL 5160189 (N.D. Ohio Dec. 19, 2024).

Upon review, the Court finds that the ALJ's decision is deficient in multiple ways as to her analysis of the consistency factor. Here are a few examples. First, with respect to state agency reviewer Dr. Philip Swedberg, the ALJ summarized his "objective observations" in one paragraph without analysis. (ECF No. 7, at PAGEID #: 48.) A few paragraphs later, the ALJ discussed Dr. Swedberg's opinion, in full, as follows:

> Dr. Swedberg opined that the claimant is capable of a "moderate amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects." This opinion is vague and not given in vocationally relevant terms. That being said, "moderate" could be consistent with light work. Therefore, the undersigned finds Dr. Swedberg's opinion mostly persuasive. (Exhibit 14F)

(*Id.* at PAGEID #: 49.)

Omitted from that discussion is any attempt to compare Dr. Swedberg's opinion with any other record evidence, as required. In order to properly "analyze inconsistency, the ALJ should have explained specific instances of inconsistency in the record, as opposed to a general statement concerning the record as a whole." *Westover v. Comm'r of Soc. Sec.*, No. 4:24-CV-02204-SL, 2025 WL 2611399, at *9 (N.D. Ohio Sept. 9, 2025), *report and recommendation adopted*, 2025 WL 2720743 (N.D. Ohio Sept. 24, 2025); *see also Farrah W. v. Comm'r of Soc. Sec.*, No. 3:22-cv-374, 2024 WL 514496 at *7 (S.D. Ohio 2024) ("The ALJ did not actually compare [the expert's] opinion to Plaintiff's treatment history. Nor did he compare it to other evidence from other medical sources and nonmedical sources. He therefore did not consider the consistency factor." (citation omitted)).

Here, the ALJ's opinion lacked any specific examples of inconsistency with the larger record, or even more general references to the record as a whole. This constitutes error.

This same flaw occurred in the ALJ's analysis of Dr. Joan Simpson's opinion. The ALJ again summarized Dr. Simpson's observations during her consultative examination in one paragraph without analysis. (ECF No. 7, at PAGEID #: 48.) Thereafter, the ALJ discussed Dr. Simpson's opinion, in full, as follows:

> Dr. Simpson opined that the claimant's symptoms "may impact" her ability to understand and respond to supervisory feedback and understand and manage normal work pressures. The undersigned does not find these opinions fully persuasive because they are vague and not given in vocationally relevant terms. (Exhibit 9F)

(*Id.* at PAGEID #: 49.)

Again, no attempt to compare Dr. Simpson's opinion with any other record evidence, which is in error.

The Commissioner does not squarely address the ALJ's failure to discuss the consistency of Dr. Swedberg's or Dr. Simpson's opinions. Instead, the Commissioner contends that the opinions were "vague" and that the ALJ is not required to discuss the factors in a single section. (ECF No. 10, at PAGEID #: 1328.) The flaw in this argument, however, is that the ALJ cannot refer to a previous analysis that she never conducted. Thus, while it is permissible for an ALJ to refer to and incorporate specific, previous discussions and analysis, here, there is no previous analysis upon which the ALJ can even plausibly rely. Although the Commissioner invokes that principle, it cannot back it up. The Commissioner points to no previous (or subsequent) discussion of Dr. Swedberg's or Dr. Simpson's opinion in comparison to the other record evidence. The

Commissioner later acknowledges that the ALJ's decision "was not perfect." (*Id.* at PAGEID #: 1334.)

The ALJ again fails to discuss the consistency factor with respect to Plaintiff's treating nurse, Kevin Baker. After summarizing Nurse Baker's opinions on Plaintiff's limitations, the ALJ stated that Nurse Baker's findings were "minimally persuasive" because those "symptoms are rarely noted in physical examinations, including Mr. Bakers own records." (*Id.*) That was the sole analysis.

At base, "ALJs must provide a 'minimum level of articulation . . . to provide sufficient rationale for a reviewing adjudicator or court.'" *Farrah W.*, 2024 WL 514496 at *8 (citation omitted). This analysis does not "not require those explanations to contain a specific level of detail, but instead contemplate that the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3834, 2023 WL 3764304, at *20 (S.D. Ohio June 1, 2023) (internal quotations omitted). However, "it is the obligation of the ALJ 'in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source.'" *Scott K. v. Comm'r of Soc. Sec.*, No. 3:21-cv-129, 2022 WL 4484603, at *11–12 (S.D. Ohio Sept. 27, 2022) (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021)). Here, the ALJ's decision failed to provide any rationale upon which this Court could reasonably rely to determine how she arrived at her decision.

For these reasons, the Court finds that remand is warranted.[2]

[2] This finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error and arguments. Thus, the Court need not, and does not, resolve the additional errors that Plaintiff asserts

## V. CONCLUSION

Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 8) is **SUSTAINED**. The decision of the Commissioner is therefore **REVERSED**, and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

supports reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error, and arguments, if appropriate.